[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned action came before the court for a non-jury trial. The amended complaint alleges two causes of action: malicious prosecution and negligence. At the conclusion of the plaintiff's case, the court dismissed the count alleging malicious prosecution pursuant to P.B. § 302 for failing to make out a prima facie case as to the elements of proof required. See McHale v. W.B.S. Corporation, 187 Conn. 444, 447-9 (1982). The court found that while defendant Apicella was motivated by malice, the plaintiff had not established an absence of probable cause as defined in McHale.
Remaining to be decided are the second count of the complaint, which alleges negligence, and the counterclaim of defendant Apicella.
In the second count of his complaint, the plaintiff claims that defendant Apicella acted negligently in making a complaint to the police concerning a dispute between the defendant condominium association, of which he was president, and the plaintiff concerning installation of electrical sensors in a three-building office condominium complex.
A threshold issue is whether a plaintiff who has failed to present a prima facie case of malicious prosecution may maintain a claim based on negligent institution of a prosecution.
The plaintiff has not cited any case in which a cause of action arising from the making of a criminal complaint was found to be actionable other than by proving all of the elements of a claim for malicious prosecution, however the defendants did not move to strike the negligence claim, nor have they cited any case holding that a claim of malicious prosecution is the exclusive cause of action.
The Restatement of Torts recognizes no cause of action in negligence as to the initiation of criminal proceeding but CT Page 3710 indicates that the initiation of a criminal prosecution is actionable by way of a claim of malicious prosecution. 3 Restatement (Second) Torts (1977) § 653). In some other settings involving the exercise of rights protected by the First Amendment to the Constitution of the United States, however, untrue speech that creates an injury has been found to be actionable without a showing of malice. See Gertz v. RobertWelch, Inc., 418 U.S. 323 (1974); Rosenblatt v. Baer, 383 U.S. 75,84 (1966) (negligent false statement against private individuals).
Assuming arguendo, therefore, that the negligence claim set forth in the Second Count of the plaintiff's complaint states a cause of action, this court finds that since the plaintiff failed to establish lack of probable cause with respect to the claim of malicious prosecution, he has also failed to establish negligence. Negligence is the breach of a duty to act as a reasonably prudent person would in order to avoid injury to another. Wright, Connecticut Law of Torts § 29 (3d ed. 1991). This court has dismissed the plaintiff's claim for malicious prosecution because he failed to prove that in making his complaint to the police defendant Apicella acted on a belief that a reasonable man would not have entertained given the information that he had at the time: the belief that a crime had been committed. McHale v. W.B.S. Corporation, 187 Conn. 444, 449-50. At the time that defendant Apicella made his complaint to the police, he knew that the plaintiff had been paid a specific amount to purchase sensors and that the defendant had given multiple and conflicting answers as to whether the money had been used to buy the sensors. The defendant, whose contract indicated that labor charges would be less than the cost of the devices to be installed, was seeking additional payments for labor. One reasonable conclusion from this state of events was that the money specifically paid for the purchase of the devices had been used for other purposes and that the defendant was seeking additional money so that he could actually pay for the devices later, a scenario that would put the customer at risk of the project not being completed and the equipment not being supplied, despite payment.
Having found that the untrue and evasive responses of the plaintiff with regard to the whereabouts of the devices to be installed gave rise to probable cause to believe that money paid for that equipment had been converted to other uses, this court cannot logically find that the defendants were negligent in CT Page 3711 acting on information that constituted probable cause. The plaintiff has failed to prove the claim made in the second count of his complaint.
Defendant Apicella has filed a counterclaim alleging that by filing a complaint accusing him of malicious prosecution, the plaintiff defamed his professional reputation as an attorney. Mr. Apicella adduced no proof in support of this claim. To the extent that he relied on evidence adduced by the plaintiff as to the plaintiff's claim of malicious prosecution, that evidence leads this court to the conclusion that Mr. Delcore instituted this action against the defendant without malice and out of a good faith effort to prevail on the merits of the claim, as to which the evidence was in conflict. 4 Restatement (Second), Torts § 767, comment C (1979); DeLaurentis v. New Haven, 220 Conn. 225,256, n. 16 (1991); Blake v. Levy, 191 Conn. 257, 263 n. 4 (1983). The plaintiff's maintenance of his claims, though unsuccessful, is therefore not actionable.
Conclusion
Judgment shall enter in favor of the defendants as to both counts of the complaint. Judgment shall enter in favor of John J. Delcore, the defendant on the counterclaim, as to the counterclaim.
No costs shall be recovered by any party.
Beverly J. Hodgson Judge of the Superior Court